# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF YEAROUS,<br><br>  Plaintiff,<br>vs.<br><br>PACIFICARE OF CALIFORNIA; UNITEDHEALTH GROUP; ADMINISTAFF OF TEXAS, INC.; and DOES 1 through 20, inclusive,<br><br>  Defendants. | CASE NO. 07-CV-0574-H (RBB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |

On July 20, 2007, the Court denied plaintiff's motion to remand, having concluded that the health plan in question was governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et. seq., and that the Court therefore has removal jurisdiction. (Doc. No. 26.) On August 7, 2007, plaintiff filed a motion for reconsideration of the July 20 order along with a declaration from plaintiff describing the nature of his relationship with Administaff of Texas, Inc. ("Administaff"). (Doc. No. 27.) This motion was filed timely and with the appropriate statement required by Local Rule 7.1(i). Defendants Pacificare of California ("Pacificare") and UnitedHealth Group ("UnitedHealth") filed an opposition to this motion on August 31, 2007. (Doc. No. 30.) Also on August 31, 2007, Administaff filed an opposition to the motion and a notice of joinder to the opposition filed by Pacificare and UnitedHealth.

1  (Doc. Nos. 31-32.) As of the date required by Local Rule 7.1(e)(3), plaintiff had not
2  filed a reply memorandum.

3       The Court concludes that this matter is suitable for decision without oral
4  argument. Accordingly, the Court submits the matter for decision pursuant to its
5  discretion under Local Rule 7.1(d)(1). For reasons set forth below, the court **DENIES**
6  plaintiff's motion for reconsideration.

## DISCUSSION

8       Absent "highly unusual circumstances," reconsideration is appropriate only where
9  (1) the court is presented with newly-discovered evidence, (2) the court committed clear
10 error or the initial decision was manifestly unjust, (3) there is an intervening change in
11 controlling law. See School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d
12 1255, 1263 (9th Cir. 1993). A motion for reconsideration cannot be based on evidence
13 that could reasonably have been discovered prior to the court's ruling on the original
14 motion. See Hopkins v. Andaya, 958 F.2d 881, 887 n. 5 (9th Cir. 1992), abrogated on
15 other grounds by Saucier v. Katz, 533 U.S. 194, 201 (2001) and Scott v. Henrich, 39
16 F.3d 912, 915 (9th Cir. 1994); see also William W. Schwarzer et al., California Practice
17 Guide: Federal Civil Procedure Before Trial (The Rutter Group 2006) ¶ 12:160.1,
18 p. 12-60. Whether to grant or deny a motion for reconsideration is in the sound
19 discretion of the district courts. See Navajo Nation v. Norris, 331 F.3d 1041, 1046 (9th
20 Cir. 2003).

21      Plaintiff's motion requests reconsideration because "[i]n briefing the issue before
22 the Court, neither party relied upon, nor even cited, the decision in [Nationwide Mut. Ins.
23 Co. v. Darden, 503 U.S. 318 (1992)]." Plaintiff then offers arguments addressing the
24 various Darden factors with reference to facts from plaintiff's new declaration.

25      The Court concludes that these arguments are not proper grounds for a motion for
26 reconsideration. Plaintiff does not argue that there was an intervening change in law,
27 that the Court committed clear error, or that the Court's decision was manifestly unjust.
28 To the extent that plaintiff offers new evidence, it is not sufficient to support a motion

1  for reconsideration.  The Court has reviewed plaintiff's declaration and finds that, while
2  it may offer some new details, it does not substantially alter the Court's understanding
3  of the relationship between the parties.  Furthermore, this evidence was available to
4  Yearous and could have been offered during initial consideration of the motion.  Finally,
5  the Court concludes that there are no other highly unusual circumstances warranting
6  reconsideration.

## CONCLUSION

For the reasons set forth above, the Court submits this motion for decision on the papers and **DENIES** plaintiff's motion for reconsideration.

IT IS SO ORDERED.

DATED:  September 11, 2007

*/s/ Marilyn L. Huff*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.